IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,      )
                               )
              Plaintiff,       )
                               )
v.                             )          No. 3:19-CR-64-PLR-HBG
                               )
DOMINIQUE McKENZIE and         )
LUCKY J. CLARK,                )
                               )
              Defendants.      )

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the undersigned on August 12, 2019, for an evidentiary hearing on Defendant Clark's Motion to Suppress Evidence [Doc. 25], and a motion hearing on his three additional pretrial motions [Docs. 26, 28, & 29]. Assistant United States Attorney Brent Nelson Jones appeared on behalf of the Government. Attorney Randall E. Reagan represented the Defendant, who was also present. Assistant Federal Defender Benjamin G. Sharp represented Defendant McKenzie, who was excused from the hearing.

At the conclusion of the testimony, Defendant Clark requested the opportunity to file post-hearing briefs on the suppression issues.[1] The Court set a deadline of September 13, 2019, for post-hearing briefs by either party. Mr. Reagan made an oral motion to continue the

---

[1] Defendant Clark also asked for one week to consider whether to file an objection to the Government's proposed Exhibits 1 and 2 to its response to the Motion to Sever Defendants. The Court granted this request and directed Defendant Clark to file his objection, if any, on or before **August 19, 2019**.

September 17, 2019 trial date in this case, observing that additional time was necessary to complete the litigation of pretrial motions. Mr. Reagan stated that Defendant Clark waived his speedy trial rights in relation to the motion. Neither Mr. Sharp, nor AUSA Jones, objected to a trial continuance. Counsel agreed on a new trial date of December 17, 2019.

The Court finds Defendant Clark's oral motion to continue the trial to be well-taken and unopposed. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court heard evidence on the suppression motion on August 12, 2019. The Court granted the parties an additional month to obtain a copy of the transcript of the hearing and to file post-hearing briefs. Once the Court receives the post-hearing briefs, it will need time to prepare a report and recommendation on the suppression issues. 18 U.S.C. § 3161(h)(1)(H). Thereafter, the parties will need time to file any objections and to respond to objections. Then, the District Judge will need time to rule on the suppression motion in light of the report and any objections. 18 U.S.C. § 3161(h)(1)(H). Finally, the parties will need time to prepare for trial, after receiving the ruling on the suppression motion. The Court finds that all of this cannot take place before the September 17 trial date or in less than four months. Accordingly, the Court finds that the failure to grant the requested continuance would deprive counsel for Defendant Clark of the reasonable time necessary to prepare effectively for trial, even taking into account counsels' acting with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

Defendant Clark's oral motion to continue the trial is **GRANTED**, and the trial of this matter is reset to **December 17, 2019**. The Court also finds that all the time between the filing of the suppression motion on **June 28, 2019**, and the new trial date of **December 17, 2019**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. §

3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). With regard to other scheduling in this case, Defendant Clark may file an objection to the Government's Exhibits 1 and 2 to its response to the Motion to Sever Defendants on or before **August 19, 2019**. Post-hearing briefs by either party on the Motion to Suppress Evidence are due on or before **September 13, 2019**. All motions *in limine* must be filed no later than **December 2, 2019**. The parties are to appear before the undersigned for a final pretrial conference on **December 3, 2019, at 1:30 p.m.** This date shall also be the new deadline for concluding plea negotiations and for providing reciprocal discovery. Special requests for jury instructions shall be submitted to the District Judge no later than **December 6**, **2019**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Clark's deadline for filing an objection to the Government's Exhibits 1 and 2 to its response to the Motion to Sever Defendants is **August 19, 2019**;

(2) The parties' deadline for filing post-hearing briefs is **September 13, 2019**;

(3) Defendant Clark's oral motion to continue the trial is **GRANTED**;

(4) The trial of this matter is reset to commence on **December 17, 2019, at 9:00 a.m.**, before the Honorable Pamela L. Reeves, Chief United States District Judge;

(5) All time between the filing of the Defendant's suppression motion on **June 28, 2019**, and the new trial date of **December 17, 2019**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(6) Motions in *limine* are due on or before **December 2, 2019**;

(7) The parties are to appear before the undersigned for a final pretrial conference on **December 3, 2019, at 1:30 p.m.** This date is also the deadline for concluding plea negotiations and for providing reciprocal discovery; and

(8) Special requests for jury instructions shall be submitted to the District Judge no later than **December 6, 2019**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**


ENTER:

_____
United States Magistrate Judge