IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-64-PLR-HBG |
| | ) | |
| DOMINIQUE McKENZIE and | ) | |
| LUCKY J. CLARK, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties appeared before the undersigned on November 25, 2019, for a motion hearing on Defendant Clark's Motion to Continue Trial Date and Extend Other Deadlines [Doc. 46], filed on November 2, 2019. Assistant United States Attorney Brent Nelson Jones appeared on behalf of the Government. Attorney Randall E. Reagan represented Defendant Lucky Clark, who was also present.[1] Assistant Federal Defender Benjamin G. Sharp represented Defendant Dominique McKenzie, who was excused from the hearing upon counsel's oral request.

---

[1] On November 14, 2019, the undersigned conducted an initial appearance on a Petition for Action on Conditions of Pretrial Release [Doc. 47] for Defendant Clark. At that time, Defendant Clark waived [Doc. 49] his right to a hearing on the petition but reserved the right to have a hearing at a later time and went into custody [Doc. 50]. The November 25 motion hearing was also set as a status conference on the matter of the Defendant's detention. Before the hearing started, Mr. Reagan informed the deputy clerk that Defendant Clark is waiving his right to a revocation hearing and agrees to remain in custody pending his trial. Accordingly, Defendant Clark remains detained pursuant to the Court's prior Order of Detention Pending Further Proceedings [Doc. 50].

Defendant Clark asks the Court to continue the December 17, 2019 trial date in this case to give his attorney time to complete the litigation of his suppression motion. On June 28, 2019, Defendant Clark filed a Motion to Suppress Evidence [Doc. 25] and other pretrial motions [Docs. 26, 28, & 29]. The Court held an evidentiary and motion hearing on August 12, 2019, and the Defendant filed a post-hearing brief on September 17, 2019. On October 23, 2019, the undersigned issued a Report and Recommendation [Doc. 45], recommending that the suppression motion be denied. Defendant now asks that his deadline for filing objections to the Report and Recommendation be extended to January 2020. In support of this request, defense counsel states that he is involved in a lengthy federal criminal trial, which began on October 21, 2019, and may last into January 2020. The Defendant states that due to this trial, defense counsel is unavailable for his trial on December 17, 2019, and needs additional time to litigate the suppression motion in this case. The motion relates that the Government does not object to the requested continuance.

At the November 25 hearing, Mr. Reagan stated that he needs additional time in this case, due to his involvement in another federal criminal trial. He states that in that case, the Government anticipates concluding its proof on December 13, 2019, and the four defendants will begin their proof the following week. Mr. Reagan said that this other trial, which began on October 21, two days before the Court issued the Report and Recommendation on Defendant Clark's suppression motion, has consumed all of his time in the intervening month. Accordingly, he has not been able to file objections to the instant Report and Recommendation or to prepare for trial in this case. Mr. Reagan stated that Defendant Clark is waiving his speedy trial rights in relation to the motion to continue.

Mr. Sharp stated that Defendant McKenzie takes no position on the motion to continue but that he does not object to the motion. Upon inquiry by the Court, Mr. Sharp said that

Defendant McKenzie takes no position on Defendant Clark's Motion to Sever Defendants, but he also does not object to that motion. AUSA Kirk confirmed that the Government does not oppose the motion to continue. The parties agreed on a new trial date of April 14, 2019.

The Court finds Defendant Clark's motion to continue the trial to be well-taken and unopposed. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Counsel for defendant Clark needs additional time to file objections to the Report and Recommendation and to prepare for trial in light of the ruling on that motion. 18 U.S.C. § 3161(h)(1)(D) & -(H). Given counsel's involvement in another criminal trial projected to last into January 2020, the Court finds that counsel is not available for trial in this case on December 17, 2019. The Court finds that without a continuance in this case, Defendant Clark would be deprived of the continuity of counsel, due to Mr. Reagan's representation of another client in a federal criminal trial. *See* 18 U.S.C. § 3161(h)(7)(iv). Additionally, the Court finds that the failure to grant the requested continuance would deprive counsel for Defendant Clark of the reasonable time necessary to prepare effectively for trial, even taking into account counsels' acting with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

Defendant Clark's motion to continue the trial [**Doc. 46**] is **GRANTED**, and the trial of this matter is reset to **April 14, 2020**. The Court also finds that all the time between the filing of the motion to continue on **November 2, 2019**, and the new trial date of **April 14, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). With regard to other scheduling in this case, Defendant Clark's objections to the Report and Recommendation are due on or before **January 27, 2020**. The Government's response to Defendant Clark's objections is due on or before **February 10,**

**2020**.  All motions *in limine* must be filed no later than **March 30, 2020**.  The parties are to appear before the undersigned for a final pretrial conference on **March 31, 2020, at 2:00 p.m.**  This date is also the deadline for filing a plea agreement in the record and providing reciprocal discovery.  Requests for special jury instructions shall be filed no later than **April 3**, **2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

 Accordingly, it is **ORDERED**:

(1) Defendant Clark waived a revocation hearing and remains **DETAINED** pursuant to the Court's prior Order of Detention Pending Further Proceedings [Doc. 50];

(2) Defendant McKenzie's oral motion to be excused from the November 25, 2019 motion hearing is **GRANTED**;

(3) Defendant Clark's Motion to Continue Trial Date and Extend Other Deadlines [**Doc. 46**] is **GRANTED**;

(4) The trial of this matter is reset to commence on **April 14, 2020**, **at 9:00 a.m.**, before the Honorable Pamela L. Reeves, Chief United States District Judge;

(5) All time between the filing of the Defendant's motion to continue on **November 2, 2019**, and the new trial date of **April 14, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(6) Defendant Clark's deadline for objecting to the Report and Recommendation is extended to **January 27, 2020**.  The Government shall respond to objections filed by Defendant Clark on or before **February 10, 2020**;

(7) Motions in *limine* are due on or before **March 30, 2020**;

(8) The parties are to appear before the undersigned for a final pretrial conference on **March 31, 2020, at 2:00 p.m.**  This date is also the deadline for filing a plea agreement in the record and for providing reciprocal discovery; and

(9) The parties must file requests for special instructions, supported by citations to authority pursuant to Local Rule 7.4, no later than **April 3, 2020**.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge